```
 1            IN THE UNITED STATES DISTRICT COURT
 2          FOR THE EASTERN DISTRICT OF TENNESSEE
 3                    KNOXVILLE DIVISION
 4
 5   LAUREN B. LLOYD,                    )
                                         )
 6             Plaintiff,                )
                                         )
 7        -vs-                           ) CIVIL ACTION NO.
                                         ) 3:12-cv-00566
 8   MIDLAND FUNDING, LLC, MIDLAND       )
     CREDIT MANAGEMENT COMPANY, INC.     )
 9   AND ENCORE CAPITAL GROUP, INC.,     )
                                         )
10             Defendants.               )
     _____)
11
12
13          TELEPHONIC DEPOSITION OF JOHN MORENO
14                 Thursday, February 6, 2014
15                         Volume I
16
17
18
19
20   Reported By:
21   LISA R. HARTMAN
22   RPR, CSR No. 4274
23   Job No. 1799258
24
25   PAGES 1 - 123


                                                    Page 1
```

```
 1                MR. PRICE:  Brant, at this point I don't --
 2                MR. PETTIS:  Well, can you give me a moment
 3     with the witness?  Can we go off-line and give me a
 4     moment?
 5                MR. PRICE:  Sure.
 6                MR. PETTIS:  Thank you.
 7                (Discussion off the record and out of the
 8     room.)
 9                MR. PETTIS:  Let's go back on the record.
10                Can you rephrase your last question for the
11     witness, please?
12                MR. PRICE:  Madam Court Reporter, if you would
13     please read my last question.
14                (Record read.)
15                THE WITNESS:  I know that there is a corporate
16     resolution that was signed giving me the authority to
17     represent.
18     BY MR. PRICE:
19          Q    Have you reviewed that corporate resolution?
20          A    No.
21          Q    How do you know that one exists if you have not
22     seen it?
23          A    Because it was enacted and I know it exists
24     through my corporate counsel.
25          Q    Did they tell you that in writing or is that
```

Veritext National Deposition & Litigation Services
866 299-5127

```
 1    something that they verbally described to you?
 2            MR. PETTIS:  Jim, I'm going to object based on
 3    privilege, but I have Mr. Brian Frary here.  He is
 4    corporate counsel with Midland.  If you would like to
 5    ask him about the resolution.  I know that he would be
 6    fine to explain to you the authorization that Mr. Moreno
 7    has.
 8            MR. PRICE:  The problem I have, Brant, is that
 9    you all put out Mr. Moreno as the authorized
10    representative for Midland Funding.  And he, until you
11    had a chance to speak with him, didn't know how he was
12    authorized to be the representative.  That is a problem.
13            MR. PETTIS:  Well, I don't think it's a problem
14    in the sense that he is authorized.  He has been
15    authorized.  I'm representing to you that he's
16    authorized to be here.  We designated him as the witness
17    for today.  We've said as much in objection and response
18    to your 30(b)(6).  So I think that's all you need.  You
19    know, the witness is here today, or the witness is here
20    today on behalf of the defendants.  And I don't know
21    what else to tell you.
22    BY MR. PRICE:
23       Q   Mr. Moreno, other than someone describing to
24    you that you are an authorized representative for
25    Midland Funding, LLC, do you have any evidence in your
```

```
 1    possession that evidences the fact that you are an
 2    authorized representative?
 3         A    Not in my possession.
 4         Q    Have you ever seen any evidence that you are an
 5    authorized representative?
 6         A    I may have.  I don't know specifically.  I
 7    can't remember.
 8         Q    Did you review any documents that evidenced
 9    that you are an authorized representative for Midland
10    Funding, LLC in preparation for your deposition?
11         A    I don't understand.  Can you rephrase?
12         Q    Did you review any documents in preparation for
13    your deposition today that evidence the fact that you
14    are an authorized representative of Midland Funding,
15    LLC?
16         A    Yes.
17         Q    What did you review that evidenced that fact?
18         A    It would be the Affidavit of John Moreno as
19    Authorized Representative of Midland Funding, LLC.
20         Q    What personal knowledge did you have at the
21    time that you executed this affidavit on December 20th,
22    2013 that you are an authorized representative of
23    Midland Funding, LLC?
24         A    Are you asking how I know I'm an authorized
25    representative?
```

1      Q   I'm asking you how you knew on December 20th,
2   2013, when you signed this affidavit, that you were an
3   authorized representative of Midland Funding, LLC?
4      A   Because a resolution was enacted months
5   prior.
6      Q   How do you know that?
7      A   Because I'm an authorized representative.
8      Q   Have you seen that resolution?
9      A   I may have.  I don't remember specifically.
10     Q   Any other evidence, other than a resolution
11  that you somehow are aware of, that you know that
12  evidences the fact that you were an authorized
13  representative of Midland Funding, LLC when you executed
14  your affidavit on December 20th, 2013?
15     A   None other than the resolution that gave me the
16  power to be an authorized representative.
17     Q   As you have said, you don't know whether you
18  have seen it or not?
19     A   I can't remember specifically.
20     Q   So there may not be one in existence.  You
21  don't know?
22     A   There is one.
23     Q   You're not sure if you have seen it, how do you
24  know there is one?
25     A   Because I'm an authorized representative.

```
 1            MR. PETTIS:  Jim, this is Brant.  I'm going to
 2   object to this line of questioning going forward.  I
 3   think he's given you all the answers you need.  You
 4   know, he's answered that he's not sure whether he's seen
 5   the resolution or not, but as a corporate representative
 6   I think he's certainly entitled to rely on information
 7   that he gets from other people within the company.  And
 8   it is his understanding through personal knowledge that
 9   he's an authorized representative of the company.
10            MR. PRICE:  It hasn't been his testimony,
11   Brant.  That's your statement.  That's what I'm trying
12   to find out.
13            MR. PETTIS:  I think he said as much in the
14   record.
15            MR. PRICE:  No.  He said that he knows that
16   he's an authorized representative because he's an
17   authorized representative.  But he's yet to explain to
18   me how he knows that.
19            MR. PETTIS:  Who told you you were an
20   authorized representative?
21            THE WITNESS:  My corporate counsel.
22   BY MR. PRICE:
23      Q   When did you learn that you were an authorized
24   representative from your corporate counsel?
25      A   Sometime in 2013.
```

Veritext National Deposition & Litigation Services
866 299-5127

```
 1              MR. PETTIS:  Jim, I'm sorry to interrupt.
 2    Would it suffice this line if I can forward to you the
 3    resolution sometime before the deposition is over, the
 4    resolution that authorizes Mr. Moreno?
 5              MR. PRICE:  That would certainly help.
 6              MR. PETTIS:  Okay.  All right.  Let me work on
 7    that.  That's in the works.
 8              MR. PRICE:  We'll move on to a different topic
 9    while we await the arrival of the resolution.
10    BY MR. PRICE:
11       Q    Mr. Moreno, continuing to refer to the
12    affidavit that's marked as Exhibit 2, and the paragraph
13    marked number 2, do you see that paragraph?
14       A    Yes.
15       Q    Which begins "I am familiar with"?
16       A    Yes.
17       Q    First item that it identifies that you were
18    familiar with is the corporate structure in relationship
19    between Midland Funding; Midland Credit Management,
20    Inc.; and Encore Capital, Inc.; is that correct?
21       A    That's what I see.
22       Q    How did you become familiar with the corporate
23    structure and relationship between those entities?
24       A    Through my employment.
25       Q    How did your employment lead you to come to an
```

Veritext National Deposition & Litigation Services
866 299-5127