UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LAUREN B. LLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-566-TAV-HBG |
| v. ) | |
| ) | |
| MIDLAND FUNDING, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties came before the undersigned for a telephonic motion hearing on February 26, 2014, to address a Motion to Compel [Doc. 20] and a Motion for Protective Order [Doc. 26], relating to the same discovery dispute. For the reasons stated more fully at the hearing and memorialized herein, the Motion to Compel [Doc. 20] will be **DENIED** and a Motion for Protective Order [Doc. 26] will be **DENIED AS MOOT**.

A.  *Failure to Comply with the Court's Scheduling Order*

The Chief District Judge entered a Scheduling Order in this case that outlines a mandatory procedure for resolving discovery disputes. The Scheduling Order states:

> (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention;
>
> (2) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, which conference shall be by telephone or in court, at the discretion of the Magistrate Judge, who also shall have the discretion to make findings and enter an order on the dispute; and
>
> (3) If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court, which may be referred

> to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(1), if applicable.

[Doc. 5 at 4].

Neither party requested a telephone conference with the undersigned prior to filing their motions. Instead, the parties filed approximately forty pages of briefing on an issue that could have easily been resolved in a telephone call.

Thus, the Court finds that the Plaintiff violated the Scheduling Order by filing her Motion to Compel on February 20, 2014, without following the discovery-dispute procedure. The Court finds that the Defendants also violated the Scheduling Order by filing their Motion for Protective Order on February 25, 2014, without following the discovery-dispute procedure. In responding to Plaintiffs' Motion to Compel, Defendants noted the mandatory nature of the discovery-dispute procedure [Doc. 22 at 3], yet the Defendants themselves failed to comply with the procedure when filing their Motion for Protective Order.

The Court could deny the motions before it based upon the parties' failure to comply with the Court's Scheduling Order. However, in the interest of preventing further inefficiency and additional attorneys' fees being incurred, the Court has considered the parties' motions. Nonetheless, the parties are **ADMONISHED** that any future failure to comply with the Scheduling Order or any other Order of the Court may result in sanctions, including any of the sanctions provided for in Rule 37 of the Federal Rules of Civil Procedure.

*B.     Motion to Compel*

In her Motion to Compel, Plaintiff moves the Court to compel the Defendants to produce corporate resolutions from each of the Defendants authorizing John Moreno to serve as a representative of each Defendant. Plaintiff argues that counsel for the Defendants agreed, at Mr.

2

Case 3:12-cv-00566-TAV-HBG   Document 28   Filed 02/27/14   Page 2 of 5   PageID #: 268

Moreno's deposition, to produce such resolutions, and Plaintiff maintains that the resolutions are discoverable information under Rule 26 of the Federal Rules of Civil Procedure.

1. *Agreement of Counsel*

The Court has reviewed the portion of the deposition of John Moreno in which counsel for the Defendants purportedly agreed to produce a corporate resolution authorizing John Moreno to serve as a representative for each of the Defendants. The exchange is as follows:

```
1          MR. PETTIS:  Jim, I'm sorry to interrupt.
2    Would it suffice this line if I can forward to you the
3    resolution sometime before the deposition is over, the
4    resolution that authorizes Mr. Moreno?
5          MR. PRICE:  That would certainly help.
6          MR. PETTIS:  Okay.  All right.  Let me work on
7    that.  That's in the works.
8          MR. PRICE:  We'll move on to a different topic
9    while we await the arrival of the resolution.
```

[Doc. 27 at 7].

The Court finds that counsel for the Plaintiff did not request production of the corporate resolutions. Rather, the offer to try to find them was presented by counsel for the Defendants. In response, counsel for the Plaintiff did not agree that such production would resolve the line of questioning, only that it would "help." The Court finds that counsel for the Defendants offered to work on finding such a resolution before the adjournment of the deposition, and Plaintiff never argued that defense counsel failed to "work on that." However, counsel for the Plaintiff conceded that he permitted the deposition to be closed without obtaining the resolutions. The Court finds that counsel for the Defendants did not agree to produce the resolutions after the deposition was adjourned.

3

Accordingly, the Court finds that Plaintiff's position that the Court should compel production of the resolutions pursuant to counsel's agreement is not well-taken.

2.  *Rule 26 of the Federal Rules of Civil Procedure*

The Plaintiff also argues that she is entitled to the resolutions as relevant and discoverable information pursuant to Rule 26 of the Federal Rules of Civil Procedure. The scope of discovery[1] under Rule 26 is familiar to the Court and the parties. The Court finds that the corporate resolutions are not relevant to this case based solely upon Mr. Moreno being presented as the Defendants' Rule 30(b)(6) deponent, but the Court finds that the resolutions may be relevant to disposition of Defendants' Motion for Summary Judgment. However, the Court need not resolve the relevancy and discoverability of the resolutions in this Memorandum and Order, because the Court finds that the Plaintiff has not submitted a request for the resolutions or otherwise demonstrated that Defendants are required to produce the information pursuant to the Federal Rules of Civil Procedure.

Specifically, the Court finds that Plaintiff has not demonstrated that the resolutions at issue are the type of documents that Defendants are required to produce as part of their initial disclosures pursuant to Rule 26(a)(1)(A). The Court's own review of Rule 26(a)(1)(A) finds no support for this position. Further, the Plaintiff concedes that she has not served a request for production of these resolutions pursuant to Rule 34.

Moreover, the Plaintiff's opportunity for serving a discovery request for the resolutions has expired. Both parties concede that discovery in this matter has closed, because when the Chief District Judge continued the trial in this matter he ordered that only unexpired deadlines

---

[1] "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. . . ." Fed. R. Civ. P. 26(b)(1).

4

would be extended through his Order, [Doc. 15]. The discovery deadline expired prior to the entry of the continuance Order, and therefore, the discovery deadline was not extended by the Order.

Accordingly, the Court finds that, to the extent Plaintiff may have been entitled to obtain the resolutions through discovery, her opportunity for obtaining such information has expired.

Based upon the foregoing, the Motion to Compel will be **DENIED**.

## C. *Motion for Protective Order*

The Court has found that the Plaintiff's request that the Court order the Defendants to produce the corporate resolutions is not well-taken, and therefore, there is no threat of Defendants being ordered to produce the resolutions at this juncture. Thus, for the reasons stated above and based upon the Court's finding, the Court further finds that the Motion for Protective Order is now moot. Accordingly, the Motion for Protective Order will be **DENIED AS MOOT**.

## D. *Conclusion*

Based upon the foregoing, the Motion to Compel **[Doc. 20]** is **DENIED**, and the Motion for Protective Order **[Doc. 26]** is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge