UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LAUREN B. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-566-TAV-HBG |
| | ) | |
| MIDLAND FUNDING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court. The parties came before the undersigned for a telephonic motion hearing on July 9, 2014, pursuant to Section 3(j) of the Scheduling Order [Doc. 5]. The Plaintiff moved the Court to reopen discovery in this case, and the Defendants opposed the Plaintiff's request. The parties were not able to reach an agreement to dispose of the issue, and having heard the parties' positions, the Court found that it was appropriate to rule upon this issue without motion practice. For the reasons stated herein, the Plaintiff's request to reopen discovery will be **DENIED**.

Plaintiff moves the Court to reopen discovery for a period of at least thirty-five (35) days. Plaintiff submits that the Defendants have changed one of their defense theories to allege that no agent of the Finkelstein, Kern, Steinberg, and Cunningham law firm ("the Finkelstein firm") was present when a default judgment, at issue in this case, was obtained against the Plaintiff.

The Defendants respond that they have not changed the theories of their defense. Defendants maintain that they noted in their initial disclosures that the Finkelstein firm would have knowledge of events relevant to this case. Defendants concede that they did not disclose

Ms. Kelly Dicken, the Secretary/Treasurer of the Finkelstein firm as a potential witness, until they filed their Supplemental Final List of Witnesses on June 4, 2014. [Doc. 49]. However, they maintain that the Plaintiff has known since the inception of this case that the Finkelstein firm and its agents have knowledge of the relevant events.

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Scheduling Order entered in this case, the Chief District Judge, consistent with Rule 16, stated: "**The schedule will not change except for good cause.**" [Doc. 5 at 1].

In United States v. Nelson Inc., 286 F.R.D. 327 (W.D. Tenn. 2012), Magistrate Judge Diane Vescovo, of the Western District of Tennessee, explained the standard for modification of previously-expired deadlines under Rule 16(b) well, stating:

> A modification of the scheduling order by leave of court is appropriate only when a relevant deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Leary, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16, ACN to 1983 amend.). As such, the moving party's diligence in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s "good cause" standard. Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). It is important to note that "if a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended." Permasteelisa CS Corp. v. Airolite Co., LLC, No. 2:06–cv–0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007) (citing Noyes v. Kelly Servs., 488 F.3d 1163, 1173–74 (9th Cir. 2007)). Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." Cooke v. AT & T Corp., No. 2:05–cv–374, 2007 WL 188568, at *2 (S. D. Ohio Jan. 22, 2007) (citing Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 830 (6th Cir.2005)).

Id. at 329.

The Court finds that the Plaintiff has failed to demonstrate good cause for reopening discovery. The Court finds that it is undisputed that the discovery deadline in this case expired months ago. In a Memorandum and Order entered February 27, 2014, the undersigned explained:

> Moreover, the Plaintiff's opportunity for serving a discovery request for the resolutions has expired. Both parties concede that discovery in this matter has closed, because when the Chief District Judge continued the trial in this matter he ordered that only unexpired deadlines would be extended through his Order, [Doc. 15]. The discovery deadline expired prior to the entry of the continuance Order, and therefore, the discovery deadline was not extended by the Order.

[Doc. 28 at 4-5]. Over four months after entry of that Memorandum and Order, the Plaintiff now moves to reopen discovery. This case has been pending eighteen months and is set to proceed to trial in approximately one-hundred days.

Moreover, the Court finds that the Plaintiff has not demonstrated that she could not reasonably comply with the discovery deadline, despite a use of reasonable diligence. Nelson Inc., 286 F.R.D. at 329. The Court cannot find that the Defendants have changed their defenses or theories of the case, and to the contrary, in their Memorandum, filed December 20, 2013, the Defendants alleged that the entry of the default judgment was inadvertent.

The Court is aware that the Defendants have only recently identified the specific employee of the Finkelstein firm that they plan to call as a witness at trial. However, the exhibits to Plaintiff's Complaint include correspondence from the Finkelstein firm [Doc. 1-1 at 17], and the Plaintiff did not dispute the fact that the Finkelstein firm was disclosed as an entity that potentially possessed relevant knowledge through Defendants' initial disclosures. The Court finds that an exercise of reasonable diligence on the part of the Plaintiff would have elicited the relevant testimony from the Finkelstein firm prior to the discovery deadline, and therefore, the

Court finds that the Plaintiff has not demonstrated good cause for reopening discovery, see Nelson Inc., 286 F.R.D. at 329.

Based upon the foregoing, the Court finds that the Plaintiff's request to reopen discovery is not well-taken, and it is **DENIED**. The parties are **ADMONISHED** to work diligently to prepare this case for trial on **October 20, 2014**.

**IT IS SO ORDERED**.

ENTER:

_____
United States Magistrate Judge