UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LAUREN B. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-566-TAV-HBG |
| | ) | |
| MIDLAND FUNDING, LLC, | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Midland Funding LLC's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 65], plaintiff's Motion to Alter or Amend Judgment [Doc. 68], and plaintiff's objections to two orders entered by the magistrate judge [Docs. 43, 64].

**I. Background**[1]

In 2010, Midland Funding brought an action against plaintiff in the General Sessions Court of Blount County, Tennessee, to collect a debt of $7,288.72 [Doc. 1-1 ¶¶ 10–11; Doc. 62 p. 2]. Before the scheduled court date of October 6, 2010, plaintiff and Midland Funding entered into an agreement for plaintiff to pay $4,000.00 in satisfaction of the entire debt [Doc. 1-1 ¶ 12]. On October 5, 2010, Midland Funding's counsel

---

[1] Although the Court discusses certain facts relevant to the Court's analysis, the Court presumes familiarity with the facts of this case as well as the analysis underlying the Court's memorandum opinion and accompanying order [Docs. 62, 63].

confirmed the receipt of the $4,000.00 payment and stated, "[o]ur office will cease all legal actions, if such actions have been initiated" [Doc. 1-1 p. 17; Doc. 62 p. 2]. The next day, however, a default judgment was entered against plaintiff in favor of Midland Funding in the Blount County General Sessions Court [Doc. 62 p. 2]. Based on the available evidence, this Court previously found "that the initial entry of the default judgment against plaintiff was inadvertent" [*Id.* at 32].

Over a year later, plaintiff attempted to obtain a home loan for $175,000.00 from her credit union [*Id.* at 2]. It was at this time that plaintiff discovered that a default judgment for $7,288.67 had been entered against her on October 6, 2010 [*Id.*]. Plaintiff commenced this action in the Circuit Court for Blount County, Tennessee, on September 27, 2012, alleging that "[a]s a direct result of the default judgment in favor of Midland Funding and its presence on [her] credit report, the credit union informed [her] that it would make the loan to her only at a higher interest rate than it would have made the loan had the judgment not been present on her credit report" [*Id.* at 2–3].

Defendants timely removed the action to this Court on the basis of federal question and supplemental jurisdiction [*Id.* at 3]. Plaintiff's complaint asserted the following claims: breach of contract, common law fraud, defamation, abuse of process, violations of the Fair Debt Collection Practices Act ("FDCPA"), and violations of the Fair Credit Reporting Act ("FCRA") [Doc. 1-1 p. 7–14]. In the Court's previous memorandum opinion ("Opinion") and order [Docs. 62, 63], the Court dismissed plaintiff's claims against all defendants under the FCRA and Tennessee state law and for

2

punitive damages, and dismissed plaintiff's claims against defendants Encore and Midland Credit Management, Inc. under the FDCPA.

Plaintiff's FDCPA claims against Midland Funding were not adjudicated [*see* Docs. 62, 63, 65 ¶ 3], and they are the source of Midland Funding's present motion to dismiss or, in the alternative, for summary judgment [Doc. 65 ¶¶ 4, 6]. The parties appear to agree that these FDCPA claims are premised upon the exact same factual allegations as the FDCPA claims against Encore and Midland Credit Management, Inc., which the Court previously found to be time-barred [*See id.* ¶ 4; Doc. 71 p. 2, 4]. Due to the claims' similarity and to avoid a trial on these remaining claims alone, plaintiff agreed to allow Midland Funding to file its present motion despite the parameters of the scheduling order [*See* Doc. 71 p. 2]. Plaintiff's response to the motion re-alleges each and every argument made in her response to defendants' previous motion for summary judgment [*Id.* at 4]. Accordingly, with nothing new to consider, the Court hereby incorporates its analysis from its previous memorandum opinion [Doc. 62 p. 28–30] and finds that plaintiff's FDCPA claims against Midland Funding are time-barred by the statute of limitations.

This determination does not resolve the case, however. Plaintiff has asked the Court to reconsider its dismissal of her breach of contract claim, which the Court will review under Rule 59(e) because it was filed within twenty-eight days of the Court's order. Plaintiff has also objected to the magistrate judge's orders imposing evidentiary sanctions and refusing to reopen discovery [Docs. 43, 64].

## II. Analysis

In its Opinion, the Court dismissed plaintiff's breach of contract claim, finding it preempted by the FCRA [Doc. 62 p. 26]. The Court explained that the FCRA preempts state-law claims that involve a subject matter regulated under § 1681s-2, relating to the responsibilities of those who furnish information to consumer reporting agencies [*See id.* at 24–25 (discussing the FCRA's preemption clauses, including 15 U.S.C. § 1681t(b)(1)(F), which provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies")]. Under § 1681s-2, furnishers must provide accurate information and take certain actions upon notice of a dispute. *See* 15 U.S.C. § 1681s-2(a) and (b). The Court found plaintiff's breach of contract claim preempted because her alleged damages for that claim—paying a higher interest rate on her home loan—"are directly related to defendants' alleged reporting of her default judgment" [Doc. 62 p. 26].

Plaintiff claims the Court committed "clear error of law" in so finding [Doc. 68 p. 3]. In support, plaintiff makes two arguments. First, plaintiff argues that the FCRA does not preempt breach of contract claims. She relies on *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992), and the plurality's analysis of a similarly-worded preemption provision [*See* Doc. 68 p. 3–6; Doc. 74 p. 1–4]. Defendants respond that the plurality opinion in *Cipollone* "lends the Plaintiff no support" as it "involved an interpretation of a vastly different federal statute" [Doc. 72 p. 4]. In addition, defendants cite many district

4

court decisions, including from the Eastern District of Tennessee, that have found certain contract claims to be preempted by the FCRA [*See id.* at 2–5].

Second, plaintiff argues that even if contract claims may be preempted by the FCRA, plaintiff's claim is not preempted because it "is based entirely on Defendants' conduct in obtaining a judgment against Plaintiff in breach of the settlement agreement entered into by the parties" [Doc. 68 p. 8]. Plaintiff also claims that the Court's Opinion is internally inconsistent, arguing that the Court "failed to consider that its own Opinion had determined that plaintiff's breach of contract claim was not based on subject matter regulated by the FCRA" [Doc. 74 p. 4]. Defendants respond that the Court did not improperly consider the source of plaintiff's damages in its preemption analysis and that "the crux of the breach of contract allegations" is directly related to the alleged reporting of her default judgment [*See* Doc. 72 p. 5–8].

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues . . . and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also*

5

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

Having reviewed the record and relevant law, the Court will not analyze the merits of plaintiff's first argument involving *Cipollone*. "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). Plaintiff first raised the argument that the FCRA, in light of *Cipollone* and related cases, does not preempt breach of contract actions in her motion to alter or amend the judgment [*Compare* Doc. 30 p. 11–13, *with* Doc. 68 p. 3–6]. Despite the opportunity, plaintiff's response to defendants' motion for summary judgment did not cite *Cipollone* or allude to such an argument [*See* Doc. 30]. The Court, therefore, will not entertain this new argument.

Moreover, as plaintiff concedes, there is no controlling authority for this Court to consider with respect to FCRA preemption of breach of contract claims [Doc. 74 p. 1]. Without controlling authority on point, the Court does not find that its view that breach of contract actions may be preempted—a view shared by courts within and outside of this

6

circuit—constitutes a clear error of law. *See H.D.V.–Greektown, LLC v. City of Detroit*, No. 06-11282, 2010 WL 4792180, at *3 n.2 (E.D. Mich. Nov. 18, 2010) ("[B]ecause the Court has not found–and the Plaintiffs have not presented–any controlling authority directly on point, it does not agree with the Plaintiffs' contention that the contrary conclusion by the Court is a 'clear error' [under Rule 59(e)].").

Nor is plaintiff's second argument well-taken, as it rehashes points plaintiff previously made. *See Bank of Ann Arbor*, 563 F. App'x at 476 ("[R]econsideration motions cannot be used as an opportunity to re-argue a case."). In plaintiff's response to defendants' motion for summary judgment, plaintiff argued that her breach of contract claim is not preempted because it is not "related in any way to credit reporting generally or credit investigations" but is "based entirely on Defendants' conduct in obtaining a judgment against Plaintiff in breach of the settlement agreement" [Doc. 30 p. 12]. Plaintiff relies on this same argument in her motion to alter or amend the judgment [*see* Doc. 68 p. 8], even though the Court previously rejected it [*see* Doc. 62 p. 25–26 (citing *Parker v. PHH Mortg. Corp.*, No. 4:11CV00439, 2014 WL 626594, at *3 (E.D. Ark. Feb. 18, 2014) (finding that the FCRA precluded the plaintiff from seeking damages that were related to the defendant providing false information to credit agencies))].

In sum, because plaintiff has used her motion to introduce a new argument that could have been presented earlier and to essentially reargue the case, the Court will deny plaintiff's motion. Plaintiff has not shown that the Court's memorandum opinion contained a clear error of law, that there is newly discovered evidence or has been a

7

change in controlling law, or that the Court's decision must be amended to prevent manifest injustice.

## III. Conclusion

For the reasons stated herein, the Court will **GRANT** Midland Funding LLC's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 65] and will **DENY** plaintiff's Motion to Alter or Amend Judgment [Doc. 68]. Accordingly, plaintiff's objections to two of the magistrate judge's orders [Docs. 43, 64] and defendants' Motion for Clarification [Doc. 54] will be **DENIED as moot**, and the Clerk will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE