UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LAUREN B. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:  3:12-CV-566-TAV-HBG |
| | ) | |
| MIDLAND FUNDING, LLC, | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| and ENCORE CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on defendants' Motion for Leave to Deposit Funds and for Entry of Judgment or Dismissal of Case [Doc. 87] and on plaintiff's Motion to Remand [Doc. 88]. The parties responded and replied to each motion [Docs. 89–92]. Because the motion to remand is based upon subject matter jurisdiction, the Court addresses it first. For the reasons that follow, the Court will grant plaintiff's motion and deny as moot defendants' motion.

**I.  Background**

Plaintiff commenced this action in the Circuit Court for Blount County, Tennessee, on September 27, 2012 [Doc. 1-1 pp. 2–16]. She asserted the following claims: breach of contract, common law fraud, defamation, abuse of process, violations of the Fair Debt Collection Practices Act ("FDCPA"), and violations of the Fair Credit Reporting Act ("FCRA") [*Id.* at 7–14]. Defendants timely removed the action to this Court on the basis of federal question and supplemental jurisdiction [Doc. 1]. In the

Court's July 14, 2015, Memorandum Opinion and Order, the Court granted summary judgment in defendants' favor as to all of plaintiff's claims under the FCRA, Tennessee state law, and for punitive damages, and plaintiff's claims against defendants Encore and Midland Credit Management, Inc. under the FDCPA [Docs. 62, 63]. In the Court's January 7, 2015, Memorandum Opinion and Order, the Court granted summary judgment in favor of defendant Midland Funding as to the remaining FDCPA claim against Midland Funding and directed the Clerk of Court to close the case [Docs. 77, 78].

On February 5, 2015, plaintiff timely appealed to the Court of the Appeals for the Sixth Circuit [Doc. 79]. The Sixth Circuit reversed this Court's grant of summary judgment in favor of defendants as to plaintiff's breach of contract claim but affirmed in all other respects [Doc. 83]. Consequently, the only claim before this Court is plaintiff's state-law breach of contract claim.

## II.  Analysis

Plaintiff moves this Court for an order remanding this case to the Circuit Court for Blount County. As grounds, plaintiff submits that there are no longer any federal claims before the Court, and in such cases, federal courts typically decline to exercise supplemental jurisdiction over state-law claims.

Because the basis for subject matter jurisdiction is determined at the time of removal, dismissing federal claims does not destroy the basis for federal subject matter jurisdiction.  *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon

2

the dismissal of the plaintiff's federal claims). But if, as here, the Court "has dismissed all claims over which it has original jurisdiction[,]" then 28 U.S.C. § 1367(c)(3) allows the Court to decline to exercise supplemental jurisdiction over the remaining state-law claims.

A district court is empowered with "broad discretion to decide whether to exercise jurisdiction over state law claims." *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015). In determining whether to retain jurisdiction over state-law claims, courts "balance the values of judicial economy, convenience to the parties, fairness, and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011).

"Comity to state courts is considered a substantial interest," and the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Id.* Generally, "when all federal claims are dismissed before trial, the balance of considerations will usually point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* In fact, "the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment." *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001)

Here, while defendants acknowledge that the dismissal of all federal claims typically warrants a remand to state court, they argue that the values of judicial economy, convenience to the parties, fairness, and comity to state courts weigh in favor of this

3

Court retaining supplemental jurisdiction over plaintiff's breach of contract claim. Defendants submit that the following circumstances present in this case favor the Court retaining jurisdiction over the state-law claim: (1) plaintiff's complaint was filed over three years ago; (2) the parties have completed discovery; (3) there have been over ninety entries on the docket; and (4) dispositive motions have been filed, ruled on, and appealed to the Sixth Circuit.

When a court rules on a motion for summary judgment, it is commonplace for the case to have been in litigation for many years, for the parties to have completed discovery, and for the case to be on the eve of trial. Despite the presence of those factors, this Court has regularly declined to exercise supplemental jurisdiction over state-law claims at that stage in litigation. *See, e.g.*, *Ward v. Knox Cty. Bd. of Educ.*, No. 3:11-CV-438, 2014 WL 3368510, at *14 (E.D. Tenn. July 9, 2014); *Hines v. Town of Vonore*, 912 F. Supp. 2d 628, 655 (E.D. Tenn. 2012); *Henderson v. Reyda*, No. 3:03CV703, 2005 WL 1397030, at *7 (E.D. Tenn. 2005). Furthermore, the Sixth Circuit has routinely upheld such determinations and has stated that dismissing state-law claims when all federal claims are disposed of on summary judgment is "the usual course." *Brandenburg*, 253 F.3d at 900; *see, e.g.*, *Smith*, 603 F. App'x at 424; *Edgar v. City of Collierville*, 160 F. App'x 440, 443 (6th Cir. 2005); *Valot v. Se. Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir. 1997); *see also Packard*, 423 F. App'x at 584 (upholding a district court's decision to remand a case when it had been pending for over three years, discovery was complete, and it was on the eve of trial).

4

In support of their opposition to remand, defendants also point to the fact that this Court has already adjudicated plaintiff's breach of contract claim previously, and is therefore most familiar with the issues presented therein. The Court previously dismissed the claim finding that it was preempted by the Fair Credit Reporting Act [Doc. 62 pp. 25–26]. The Court, however, did not address any factual allegations related to the claim and its entire analysis of the claim focused on preemption [*Id.*]. In light of the Sixth Circuit's decision in this matter, the preemption analysis will not factor into the case going forward [*See* Doc. 83]. Furthermore, Plaintiff submits that the parties have addressed few specifics of plaintiff's breach of contract claim beyond what is contained in the complaint and answer [Doc. 92 p. 2]. In light of these facts, defendants overstate the extent to which concerns regarding judicial economy, convenience to the parties, and fairness would be affected by a remand to state court. *See Packard*, 423 F. App'x at 584 (finding remand appropriate when the parties' previous briefing focused primarily on issues of preemption and federal defenses).

Defendants argue that their pending Motion for Leave to Deposit Funds and for Entry of Judgment or Dismissal of Case [Doc. 87] lends further support to this Court retaining jurisdiction. Defendants contend that should the Court grant the motion, plaintiff's motion to remand and her breach of contract claim would be moot. However, because the motion to remand is based upon subject matter jurisdiction, the Court addresses it first. The Court declines to address the merits of defendant's motion before

determining whether it will exercise supplemental jurisdiction over plaintiff's breach of contract claim.

Despite the principle that district courts generally should decline to exercise supplemental jurisdiction over state-law claims when no federal claims remain, defendants argue that this case presents an outlier—one of the rare cases where remand is not appropriate. The Court finds, however, after balancing values of "judicial economy, convenience to the parties, fairness, and comity to state courts," that there are no circumstances present in this case to overcome the "strong presumption against the exercise of supplemental jurisdiction." *Id*. The Court, therefore, declines to exercise supplemental jurisdiction over plaintiff's remaining state-law breach of contract claim.

### III. Conclusion

For the reasons set forth herein, the Court will **GRANT** plaintiffs' Motion to Remand [Doc. 88] and **REMAND** this action to the Circuit Court for Blount County, Tennessee. Defendants' Motion for Leave to Deposit Funds and for Entry of Judgment or Dismissal of Case [Doc. 87] will be **DENIED as moot**. The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE